

COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON

SECOND ORDER OF ABATEMENT

Appellate case name:      Amier Gantt v. Harris County Central Technology Services, Harris
                          County, & Terry Ortiz

Appellate case number:    01-19-00263-CV

Trial court case number:  2017-54479

Trial court:              281st District Court of Harris County

This is an appeal from the dismissal of an employment discrimination claim filed by Amier Gantt. The appellate record indicates that Gantt died in September 2018, during the pendency of the underlying litigation. On February 1, 2019, Harris County filed a jurisdictional plea arguing that the case should be dismissed because Gantt's death extinguished his claim. On February 7, 2019, Gantt's counsel filed a "Notice to the Court: Suggestion of Death" and Affidavit, informing the trial court that Gantt had died, that his wife desired to continue the litigation, and that she was to be appointed the administrator of his estate. Counsel's affidavit further stated that the wife's assignment as the administrator of the estate in probate court was delayed due to difficulty obtaining a certificate of death. On March 4, 2019, the trial court entered the appealed-from order dismissing Gantt's claim on Harris County's plea to the jurisdiction.

On April 4, 2019, a notice of appeal was filed for "Gantt and his Estate." The briefing on appeal has been filed by Gantt's wife as the purported representative of Gantt's estate. Because it appears the appealed-from order was entered before an administrator of Gantt's estate was named, the record is incomplete as to whether Gantt's wife is the correct party as the representative of his estate. *See Stumhoffer v. Perales*, 459 S.W.3d 158, 161–63 (Tex. App.—Houston [1st Dist.] 2015, pet. denied) (indicating court should grant leave to amend notice of appeal to include new administrator of estate when final judgment was signed before administrator's appointment).

On February 4, 2021, we abated the appeal and remanded to the trial court to conduct a hearing to determine (1) whether Gantt's wife is the representative of Gantt's estate and (2) the correct party pursuant to Texas Rule of Civil Procedure 151. *See* TEX. R. CIV. P. 151 ("If the plaintiff dies, the heirs, or the administrator or executor of such decedent may appear and upon suggestion of such death being entered of record in open court, may be made plaintiff, and the suit shall proceed in his or their name."). We further directed the trial court to reduce its findings to writing and to have a supplemental clerk's record containing those findings, and any other

materials, filed with the Clerk of this Court, together with a reporter's record from the hearing by April 5, 2021.

When no supplemental clerk's record or reporter's record related to the requested hearing was filed on April 5, 2021, the Court reinstated the case and directed the parties to prepare and file a joint notice informing this Court of the status of any hearing in the trial court. The parties' joint status update, filed on May 11, 2021, states that "the trial court did not schedule a hearing with the parties."

We now abate this appeal for the second time and remand to the trial court to conduct the hearing as directed in the Court's original order of abatement issued on February 4, 2021. **The parties are directed to notify the trial court and the trial court coordinator of this abatement and the need for a hearing within seven (7) days of the date of this order. The trial court coordinator shall set a hearing date and notify the parties**.

**The trial court is directed to reduce its findings to writing and to have a supplemental clerk's record containing those findings, and any other material documents, filed with the Clerk of this Court, together with a reporter's record from the hearing, within sixty (60) days of the date of this order**.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and reporter's record of the hearing are filed with the Clerk of the Court. The Court will also consider an appropriate motion to reinstate the appeal filed by either party, or the Court may reinstate the appeal on its own motion.

It is so ORDERED.


Judge's signature: /s Amparo Guerra
                        Acting individually


Date:  May 18, 2021